### DARTON v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department.   May 8, 1908.)

1. TRIAL—DISMISSAL—GROUNDS IN GENERAL.

A complaint should not be dismissed upon the opening of counsel unless it clearly appears either that the complaint does not state a cause of action or that a cause of action well stated is conclusively defeated by something introduced by way of defense and clearly admitted as a fact, or that plaintiff's counsel in his opening address by some admission or statement of facts so completely ruined his case that the court was justified in granting a nonsuit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 367.]

2. SAME.

A complaint under the Employers' Liability Act, Laws 1902, p. 1748, c. 600, alleged that deceased was required to walk along a narrow board walk between the tracks, that the track was negligently obstructed by a fuse box, and that the deceased stumbled over the box and was struck by a passing train and killed.   On his opening plaintiff's counsel stated that he had no eyewitness to the accident, and would have to prove his allegations by circumstantial evidence, and would be obliged to rely on hostile witnesses, and could not tell precisely what he would be able to prove by them.   Held, that the ground that, if plaintiff proved all that her counsel promised to prove on his opening, the evidence would not be sufficient to take the case to the jury, though probably true, was not sufficient to justify a dismissal of the complaint; plaintiff being entitled to take advantage of any evidence that her counsel might be able to elicit, whether foreshadowed by his opening or not.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 367.]

Appeal from Trial Term.

Action by Jane L. Darton, as administratrix of Alfred Darton, deceased, against the Interborough Rapid Transit Company.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Archibald F. Clark, for appellant.

Bayard H. Ames, for respondent.

SCOTT, J.   Plaintiff appeals from a judgment entered upon the dismissal of her complaint upon the opening.   The complaint is based upon the Employer's Liability Act, Laws 1902, p. 1748, c. 600, and charges the defendant with failing to provide a reasonably safe place to work.   The gravamen of the complaint is that plaintiff was required in the performance of his work to walk along a narrow board walk between the tracks; that this was negligently and unnecessarily obstructed by a fuse box raised about eight inches above the board walk; that deceased without negligence on his part stumbled over this box and was struck by a passing train and killed.   On his opening plaintiff's counsel stated that he had no eyewitness to the accident, and would have to prove his allegations by circumstantial evidence.   He further said that he would be obliged to rely on hostile witnesses, and could not tell precisely what he would be able to prove by them.   The motion to dismiss was put distinctly upon the ground that, if plaintiff proved all that her counsel promised to prove on his opening, the evidence would not be sufficient to take the case to the jury.   This was probably true; but it was not sufficient to justify a dismissal of the complaint.   The Court of Appeals has said that a complaint should not be dismissed upon the opening of counsel unless it clearly appears either, first, that the complaint does not state a cause of action; second, that a cause of action well stated is conclusively defeated by something introduced by way of defense and clearly admitted as a fact; or, third, that the counsel for the plaintiff in his opening address by some admission or statement of facts so completely ruined his case that the court was justified in granting a nonsuit.   Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169.

None of these conditions existed in the case at bar.   All that can be said of the opening is that it indicated that plaintiff would not be able to produce evidence to establish her cause of action.   But counsel was not limited by his opening, and was entitled to take advantage of any evidence that he might be able to elicit, whether foreshadowed by his opening or not.   However improbable it may have seemed to the trial justice, and however improbable it may seem to us that the plaintiff will ultimately succeed in recovering a judgment, she is entitled to an opportunity to present such evidence as she may be able to command.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.